Dear Mr. Speed:
Reference is made to your request for an opinion of this office regarding the legality of a proposed cooperative endeavor between the St. Helena Parish Police Jury (the "Police Jury") and St. Helena Parish Fire Protection District Number Four (the "District"). As we understand the proposal, the District would provide rescue emergency medical services throughout St. Helena Parish, not just within the boundaries of the District, in return for an $8,000.00 annual payment from the Police Jury.
Louisiana law provides parochial authorities with broad authority, in the exercise of their police power, with respect to the regulation and operation of emergency medical and ambulance services. LSA-R.S. 33:4791.1
authorizes governing authorities to protect the public health, safety and welfare of its citizens by licensing, controlling and regulating, by ordinance or resolution, privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations within its jurisdiction. Pertinently,LSA-R.S. 33:1236(32) authorizes parishes to:
 "operate an ambulance service in its own capacity as governing authority or to contract for the operation of such service by other and to regulate and subsidize the operation of others, or to operate the service in cooperation with other agencies or municipalities."
In our opinion, the St. Helena Parish Police Jury has the authority to fund and contract for parish wide emergency medical services. We do, however, have some concerns with regard to the authority of the District to enter into such an agreement.
Before the District enters into this cooperative endeavor, it should be determined that the District has the authority to provide emergency medical services. LSA-R.S. 40:1500(B) authorizes fire protection districts to utilize their equipment to transport any injured or ill person to a hospital or other place of medical care in an emergency situation, but only when there is no reasonable expectation of a prompt response by an ambulance. If necessary, the District could seek special legislation for such authority. See: Attorney General Opinion Nos.96-119; 94-540; and 93-292.
We also caution the District that it must utilize tax proceeds levied within the District strictly in accordance with the proposition approved by the voters, and for the exclusive benefit of the citizens of the District where the taxes are levied. LSA-R.S. 39:704; Attorney GeneralOpinion No. 94-540. If the consideration received by the District from the Police Jury is not commensurate with costs associated with the services rendered by the District, the transaction will be deemed an unconstitutional donation. La. Const. Art. VII, Sec. 14. Accordingly, the District should determine that the compensation it will receive from the Police Jury will be sufficient to cover the costs of the provision of the emergency medical services to citizens living outside of the District.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam